1

2

3

4

5

6

7

8

9

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Gary S. Duarte, | No. CV-12-00844-TUC-JAS |
| Plaintiff, | **ORDER** |
| v. | |
| Catalina Foothills School District No. 16, | |
| Defendant. | |

The Court has reviewed the parties' submissions pertaining to the upcoming jury trial in this case.  To avoid unnecessary delays and otherwise make the trial as efficient as possible, the Court issues this Order to clarify any issues related to trial.

**Voir Dire**

In addition to the general voir doir the Court will conduct at trial (*see* Doc. 50 at pp. 4-13), the Court will also incorporate the 19 stipulated voir questions submitted by the parties into the Court's voir dire.  *See* Doc. 56.

**Stipulated Preliminary and Final Jury Instructions, and Stipulated Verdict Form**

The Court will read the stipulated preliminary and final jury instructions submitted by the parties at trial, and will give copies of these instructions to the jury.  *See* Docs. 57, 59.

As to the final instructions, the Court notes that the parties state in part: "If the Court decides the jury should render an advisory verdict on the issue of front pay, the following language should be included in the instructions . . ."  *See* Doc. 59-1 at p. 6, lines 1-2.  The parties do not indicate whether they both wish to have an advisory verdict as to front pay, and the reasons for or against an advisory verdict as to their respective positions.  If one or both of the parties wish to have an advisory verdict, an updated proposed verdict form incorporating a provision pertaining to an advisory verdict as to front pay shall be submitted.  Lastly, as the Court will ultimately have to decide the front pay issue if there is a verdict in favor of Plaintiff, the parties shall indicate when they are

1    available for a bench trial on front pay, and how long such a bench trial will last. Within

2    7 days of the filing date of this Order, the parties shall submit a joint report addressing

3    these issues.

4         As to preliminary jury instruction number 16 (Doc. 57-1 at p. 16), the instruction

5    states: "The parties have agreed to certain facts [to be placed in evidence as Exhibit __]

6    [that will be read to you].  You should therefore treat these facts as having been proved."

7    At least 7 days before trial (i.e., 10/28/14), the parties shall indicate what Exhibit number

8    they agree to, and shall also indicate at what point in the trial they would like the Court to

9    read these stipulated facts to the jury.

10        As to the Verdict Form (Doc. 58), the Court notes that the parties have a space for

11   the jurors' printed names and signatures.  However, unless it is deemed necessary in the

12   future, the jurors remain anonymous and are assigned juror numbers.  Thus, typically a

13   verdict forms reflects the following:

14   We, the Jury, duly empaneled and sworn in the above entitled action, upon our oaths, do

15   find as set forth above.

16

17   (1)_____    (5)_____

18   (2)_____    (6)_____

19   (3)_____    (7)_____

20   (4)_____    (8)_____

21                                                                    FOREPERSON

22        The jurors do not write their names in the spaces, but only their assigned juror

23   numbers.  The Court has the jurors' names that correspond to jurors' assigned numbers,

24   and can disclose those names if it becomes necessary.  As such, within 7 days of the

25   filing date of this Order, the parties shall submit an updated verdict form reflecting the

26   above information.

27        The verdict form includes a provision that states: "If you answered 'yes' to

28   Question No. 1, did the District know or show reckless disregard for whether its conduct

1     was prohibited by law?   Answer (yes or no)."   *See* Doc. 58-1 at p. 1.   This verdict

2     provision corresponds to stipulated final jury instruction number six (Doc. 59-1 at p. 7)

3     which is based on Ninth Circuit Model Civil Jury Instruction 11.7B; the comment to this

4     instruction states in part:

> The ADEA incorporates the liquidated damages provision of the Fair Labor
> Standards Act ("FLSA"). 29 U.S.C. § 626(b)(ADEA remedies provision);
> see 29 U.S.C. § 216(b) (FLSA remedies provision). However, unlike the
> FLSA, the ADEA awards liquidated damages only if the defendant's
> violation is willful. 29 U.S.C. § 626(b) (ADEA remedies provision);
> Lorillard v. Pons, 434 U.S. 575, 581 (1978); compare *Bratt v. County of
> L.A.*, 912 F.2d 1066, 1071 (9th Cir.1990) (holding that under the FLSA,
> employer can only avoid liquidated damages by proving that it acted with
> "a good faith intent to comply with the FLSA and a reasonable basis for its
> interpretation of the FLSA and the applicable regulations.").
> Willfulness is a question for the jury to decide. See *E.E.O.C. v. Pape Lift,
> Inc.*, 115 F.3d 676, 681 (9th Cir.1997); *Brooks v. Hilton Casinos Inc.*, 959
> F.2d 757, 767 (9th Cir.1992) (award of liquidated damages is mandated on
> jury finding of willfulness). If the jury finds willfulness, the plaintiff is
> entitled to double the amount of back pay awarded. *Cassino v. Reichhold
> Chems., Inc.*, 817 F.2d 1338, 1348 (9th Cir.1987) ("**By the express terms
> of the statute, liquidated damages are an additional amount equal to
> the backpay and benefits award.**"). The verdict form should provide a
> separate question as to willfulness.

18    The Court is uncertain how the parties would like to proceed as to this issue.

19    Verdict question number 2 directs the jurors to enter a damages amount; if the jurors

20    answer yes to question number 3, would it be advisable to have them write the same

22    amount of damages for question number 2 as the amount of liquidated damages as to

23    question number 3?   Alternatively, would the Court simply have the Clerk of the Court

24    enter judgment in an amount equal to whatever appears as the damages amount next to

25    question number 2 of the Verdict Form if the jurors answer yes to question number 3?

27    The parties shall indicate their preferences as to this issue in a joint report and submit an

28    updated verdict form (if applicable) within 7 days of the filing date of this Order.

**<u>Disputed Final Jury Instruction</u>**

The record reflects that there is only one disputed jury instruction which is a final jury instruction as to business judgment submitted by Defendant which states:

> As you deliberate you must remember that the role of the jury is not to second guess the District's business or management decisions.  You must not substitute your own judgment about whether any particular business or management decisions were wise, or even fair.  You may not return a verdict for Mr. Duarte just because you might disagree with a business or management decision by the District, or because you might believe that it was harsh, unreasonable, or unfair.
> Employers are entitled to make their own subjective business or management judgments and to set any standards for employment they want, regardless of how those standards may appear to the jury, and to decide to discharge an employee for any reason that is not discriminatory.  Employers have the right to make good or bad, wise or unwise, and fair or unfair business or management decisions.  Your role as the jury simply is to determine whether Mr. Duarte has proven the specific elements of his legal claim as I have described those elements to you in these instructions.

*See* Doc. 60-1 at p. 1.

Lastly, the Court notes that it has not received the Word versions of Defendant's responses (Docs. 69 and 70) to Plaintiff's motions in limine; Defendant shall email these to chambers (soto_chambers@azd.uscourts.gov) by 10/3/14.  The Court will issue an Order on the motions in limine prior to trial.

Dated this 2nd day of October, 2014.

Honorable James A. Soto
United States District Judge