**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Gary S. Duarte,<br><br>    Plaintiff,<br><br>v.<br><br>Catalina Foothills School District No. 16,<br><br>    Defendant. | No. CV-12-00844-TUC-JAS<br><br>**ORDER** |

A review of the record reflects that part of the Court's Order (Doc. 71) pertaining to the Disputed Jury Instruction has language that is missing after "*See* Doc. 60-1 at p. 1" which appears at p. 4 (between lines 15 and 16). The Court is uncertain why this language is missing as the Court's Word version has the language at issue; in any event, it appears that there was some technical issue in uploading the document for filing. The Court has included the full language that should have originally appeared in Doc. 71 as to the disputed final jury instruction below.

**<u>Disputed Jury Instruction</u>**

The record reflects that there is only one disputed jury instruction which is a final jury instruction as to business judgment submitted by Defendant which states:

> As you deliberate you must remember that the role of the jury is not to second guess the District's business or management decisions. You must not substitute your own judgment about whether any particular business or management decisions were wise, or even fair. You may not return a

> verdict for Mr. Duarte just because you might disagree with a business or management decision by the District, or because you might believe that it was harsh, unreasonable, or unfair.
>
> Employers are entitled to make their own subjective business or management judgments and to set any standards for employment they want, regardless of how those standards may appear to the jury, and to decide to discharge an employee for any reason that is not discriminatory. Employers have the right to make good or bad, wise or unwise, and fair or unfair business or management decisions. Your role as the jury simply is to determine whether Mr. Duarte has proven the specific elements of his legal claim as I have described those elements to you in these instructions.

*See* Doc. 60-1 at p. 1. While a business judgment instruction is appropriate inasmuch as it accurately states the law in the Ninth Circuit and emphasizes that the jury should find for Plaintiff only if the elements (as described by the Court) are proven, the Court finds that the proposed instruction is verbose and would be confusing for the jury. As such, after the Court reads the elements of Plaintiff's claims (i.e., Stipulated Final Instruction No. 4-Doc. 59-1 at p. 4) the Court will read the following business judgment instruction:

> An employer has the right to make subjective personnel decisions for any reason that is not discriminatory. You may not return a verdict for Plaintiff just because you might disagree with the Defendant's decision or believe it to be harsh or unreasonable. Your role as the jury is to determine whether Plaintiff has proven the specific elements of his legal claim as I have described those elements to you in these instructions.

Dated this 8th day of October, 2014.

                                        Honorable James A. Soto
                                        United States District Judge