## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary S. Duarte, | No. CV-12-00844-TUC-JAS |
| Plaintiff, | **ORDER** |
| v. | |
| Catalina Foothills School District No. 16, | |
| Defendant. | |

Pending before the Court are the parties' motions in limine.  For the reasons stated below, the motions are denied in part and granted in part.

## BACKGROUND

Plaintiff, Gary S. Duarte, was employed as a maintenance worker for Defendant, Catalina Foothills School District No. 16 ("District"), for 34 years.  His work included going on roofs of the District's buildings and making necessary repairs.  According to Plaintiff, the District's Director of Facilities (Basil Callimanis-"Basil") told him in January of 2011 that his contract would not be renewed because Plaintiff was too old for the job.  In contrast, Basil denies making such a statement; rather, his position is that Plaintiff's contract was not renewed due to poor work performance.

## STANDARD OF REVIEW

As pertinent to the motions in limine, Fed. R. Evid. 402 provides: "Relevant evidence is admissible unless any of the following provides otherwise: • the United States Constitution; • a federal statute; • these rules; or • other rules prescribed by the Supreme Court. Irrelevant evidence is not admissible."  Fed. R. Evid. 401 defines relevant

1    evidence as follows: "Evidence is relevant if:  (a) it has any tendency to make a fact more

2    or less probable than it would be without the evidence; and (b) the fact is of consequence

3    in determining the action."  Fed. R. Evid. 403 provides that: "The court may exclude

4    relevant evidence if its probative value is substantially outweighed by a danger of one or

5    more of the following: unfair prejudice, confusing the issues, misleading the jury, undue

6    delay, wasting time, or needlessly presenting cumulative evidence."

7    **DISCUSSION**

8    **Doc. 64: The District's Motion in Limine No. 2 (Performance Reviews)**

9         The District moves to exclude written performance reviews that Plaintiff seeks to

10   introduce at trial.  The reviews Plaintiff intends to introduce include ratings that list

11   Plaintiff's job performance as "exceeding" or "meets" job expectations or requirements.

12   Defendant argues that these performance reviews are irrelevant and subject to exclusion

13   under Rule 403 as they were not written by Basil who was the ultimate person that

14   decided not to renew Plaintiff's contract.  In contrast, as Plaintiff correctly argues, these

15   performance reviews are highly relevant to whether Plaintiff was truly fired for

16   performance, or based on his age. These written reviews were written by Plaintiff's direct

17   supervisor since at least 2004 (Charles "Chuck" Kennedy-"<u>Kennedy</u>"); if Plaintiff's

18   direct supervisor consistently rated Plaintiff's work as "exceeding" or "meeting" job

19   expectations or requirements, such evidence tends to undermine the District's claim that

20   Plaintiff was fired for poor performance.  The relevance of this evidence outweighs any

21   Rule 403 considerations.  Defendant's motion in limine regarding performance reviews

22   (Doc. 64) is denied.

23   **Doc. 62: Plaintiff's Motion In Limine Regarding Plaintiff's Replacement**

24

25        Plaintiff moves to exclude evidence that Defendant seeks to introduce regarding

26   the person hired to replace Plaintiff.  Plaintiff argues that information regarding who

27   replaced Plaintiff after Plaintiff's was fired is irrelevant to whether Plaintiff was fired

28   based on his age, and any relevance is outweighed by Rule 403 considerations.  The

Court disagrees.  As Defendant argues, in relation to the Age Discrimination claim, Plaintiff's Complaint alleges that the District replaced Plaintiff with a substantially younger employee.  In addition, part of Plaintiff's Age Discrimination claim includes a requirement to show that Plaintiff was part of the protected class covered by the statute (i.e., he was age 40 or older when the adverse employment action occurred).  However, the record reflects that the District hired a replacement who was 52 (i.e., only 6 years younger than Plaintiff when he was fired-58), and that Plaintiff's replacement was also part of the protected class under the applicable statute (i.e., age 40 or older).  This evidence tends to prove that the District did not fire Plaintiff due to a discriminatory motive, and the relevance of the evidence outweighs any Rule 403 considerations.  Plaintiff's motion regarding his replacement (Doc. 62) is denied.

**Doc. 61:  Plaintiff's Motion In Limine Regarding Reference to a Dismissed Claim**

Plaintiff moves to preclude any reference to the dismissed claim in this case.  The record reflects that the Complaint originally included a claim for both Age Discrimination and National Origin Discrimination.  However, after Plaintiff had an opportunity to conduct discovery in this case, Plaintiff voluntarily agreed to dismiss the Nation Origin Discrimination claim; as such, the parties submitted a stipulation to dismiss this claim, and U.S. District Judge Zipps issued an Order granting the stipulation to dismiss this claim.  In light of these circumstances, Plaintiff argues that allowing any reference to this dismissed claim is irrelevant, and any relevance is outweighed by Rule 403 considerations.  In contrast, the District argues that reference to the dismissed claim is relevant to Plaintiff's credibility.   The District argues that Plaintiff previously submitted official documents to the Arizona Civil Rights Division ("ACRD") and this Court (i.e., the Complaint) attesting that the District fired him because he is Hispanic, but

1  the facts proved otherwise which led to Plaintiff's voluntary dismissal of the claim.  The

2  Court agrees with Plaintiff's position.  As the National Origin Discrimination claim has

3  been dismissed, the Court finds that any continued reference to that dismissed claim is

4  irrelevant to the one remaining claim in this case (i.e., Age Discrimination).  In addition,

5  to the extent it could be marginally relevant to Plaintiff's credibility, the Court finds that

6  any reference to this dismissed claim at trial is outweighed by Rule 403 considerations.

7  Therefore, Plaintiff's motion pertaining to any reference to the dismissed claim (Doc. 61)

8  is granted.[1]

9  **Doc. 63: Defendant's Motion In Limine No. 1 (Hearsay Statements)**

10       As referenced above, Charles "Chuck" Kennedy was Plaintiff's direct supervisor,

11  and wrote his employee reviews since approximately 2004; the reviews rated Plaintiff's

12  work as "exceeding" or "meeting" job expectations or requirements.  Plaintiff seeks to

13  testify at trial that Kennedy told him that Basil was not going to renew Plaintiff's contract

14  because the Plaintiff was too old.  Defendant argues that any such testimony is hearsay,

15  and the hearsay exception for party admissions does not apply to each level of hearsay.

16  Defendant argues that Basil, and not Kennedy, was solely responsible for firing Plaintiff,

17  and therefore any statement regarding any decision to fire Plaintiff was not within the

18  scope of Kennedy's employment such that the party admission exception does not apply.[2]

19  The Court disagrees.

20       As Plaintiff correctly argues, the Basil to Kennedy and Kennedy to Plaintiff

21  statements are not considered hearsay under Fed. R. Evid. 801(d)(2)(D) because they are

22  statements "offered against an opposing party and …[were] made by the party's agent or

23

24       [1] Defendant correctly points out that there are certain documents that it seeks to
introduce that do not reference the dismissed claim.  For example, the ACRD's dismissal

25  of Plaintiff's charge of discrimination does not reference the National Origin claim, but
simply dismisses the entire charge without reference to any specific claim.  The Court

26  agrees that this is outside the scope of Plaintiff's motion and may be admitted.  However,
to the extent there are any underlying documents that reference the dismissed claim at

27  issue, any references whatsoever to National Origin Discrimination shall be redacted.

28       [2] Plaintiff does not oppose the portion of Defendant's motion seeking to exclude
hearsay statements pertaining to Eileen Ruddell; as such, this part of Defendant's motion
is granted.

1   employee on a matter within the scope of that relationship and while it existed . . . "[3]

2   Kennedy and Basil were both employees of the District at the time the statements were

3   made.  Basil was Kennedy's supervisor, and Kennedy was Plaintiff's direct supervisor.

4   Basil's statement to Kennedy was within the scope of that relationship; Basil (the

5   Facilities Director) was informing Plaintiff's direct supervisor that Plaintiff's contract

6   would not be renewed.  This was a decision in which Kennedy would be associated with

7   as it involved an employee under his direct supervision.

8          Likewise, Kennedy's statement to Plaintiff regarding Basil's statement was within

9   the scope of Kennedy's employment relationship with the District.  Kennedy was

10  Plaintiff's direct supervisor who managed Plaintiff's daily work and work assignments.

11  Consequently, Basil would logically keep Kennedy abreast of any matters pertaining to

12  employees under Kennedy's direct supervision, and Kennedy would inform Plaintiff

13  about issues directly impacting Plaintiff's future employment with the District.  *See*

14  *McDonough v. City of Quincy,* 452 F.3d 8, 21 (1st Cir. 2006)(statements related to

15  personnel action against the plaintiff, made by department officials involved in personnel

16  management, were within the scope of their employment and properly admitted under the

17  party admission exception; emphasizing that for "a statement to be an admission under

18  Fed.R.Evid. 801(d)(2)(D), it must be made by a party, a party's agent, or a servant within

19  the scope of an agency or employment . . . The employee's station within the organization

20  is not relevant to the Rule 801(d)(2) analysis . . . The relevant inquiry is whether the

21  employee's statement was made within the scope of employment."); *see also Woodman v.*

22  *Haemonetics Corp.*, 51 F.3d 1087, 1093–94 (1st Cir.1995)(rejecting the argument that

23  statements made by a "first-line supervisor" with no firing authority could not be

24  admissions under Rule 801(d)(2)(D)).  The Court finds that the statement at issue is a

25  party admission, and that it is relevant inasmuch as it tends to bolster Plaintiff's position

26

27  [3] *See also* Fed. R. Evid. 805 ("Hearsay within hearsay is not excluded by the rule against

28  hearsay if each part of the combined statements conforms with an exception to the rule.").

that he was fired based on age, and not based on performance as alleged by Basil.  In addition, the relevance of this evidence outweighs any Rule 403 considerations. As such, Defendant's motion in limine regarding statements by Kennedy (Doc. 63) is denied.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED as follows:

(1) The parties' motions in limine (Docs. 61, 62, 63, 64) are denied in part and granted in part as discussed in the text of this Order.

Dated this 10th day of October, 2014.

Honorable James A. Soto
United States District Judge