1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| 9  Gary S. Duarte, | No. CV-12-00844-TUC-JAS |
| 10         Plaintiff, | **ORDER** |
| 11  v. | |
| 12  Catalina Foothills School District No. 16, | |
| 13         Defendant. | |

The Court has reviewed the parties' 10/9/14 Joint Report (Doc. 74).  As the parties do not stipulate to an advisory verdict and the Court has to decide the front pay issue in any event, the Court will not seek an advisory verdict from the jury.  As such, the final jury instruction pertaining to front pay (Doc. 59-1 at p. 6) will not be given at trial.  The Court will use the stipulated verdict form (Doc. 58) originally submitted by the parties.  In addition, as the parties believe that the Court can receive any necessary evidence during a bench trial on front pay while the jury deliberates, the Court will proceed in this manner as indicated by the parties.  As such, the parties shall submit briefs addressing the factual and legal issues pertaining to front pay by no later than **10/28/14**.

In response to the reckless disregard and liquidated damages issue, the parties responded as follows: "The parties believe that if the jurors answer "yes" to question number 3 (the"reckless disregard" question), the Court should simply have the Clerk of the Court enter judgment in an amount equal to whatever damages amount the jurors enter in response to question number 2 (the back pay amount, if any)."  The Court will proceed in the manner requested by the parties.

1    The Court notes that previous Orders have indicated that we will select an 8

2    person jury in this case; as such, at least 14 prospective jurors must be seated because

3    each party is entitled to 3 peremptory challenges for a total of 6 strikes (i.e, plaintiff (3);

4    defendant (3)).  *See* Fed. R. Civ. P. 47(b); 28 U.S.C. §1870;  Fed. R.Civ. P. 48.  The civil

5    rules do not provide for alternate jurors in civil trials.  Prior to the parties exercising their

6    peremptory strikes, some jurors will likely be struck for cause.  As to peremptory strikes,

7    LRCiv 47.1 states: "Each side shall exercise its peremptory challenges simultaneously

8    and in secret.  The Court shall then designate as the jury the persons whose names appear

9    first on the list."

10    The Court notes that it just filed an Order ruling on the motions in limine.  In

11    addition, to streamline the trial process and provide the parties as much information as

12    possible prior to trial, the Court has attached the following finalized documents that will

13    be used at trial: the Court's voir dire script, the preliminary and final instructions, and the

14    verdict form.  The Court notes that there is only one preliminary instruction that is not

15    finalized as the Court is awaiting a response from the parties that is due on 10/28/14.  *See*

16    10/2/14 Order at Doc. 71 at p. 2 ("As to preliminary jury instruction number 16 (Doc. 57-

17    1 at p. 16), the instruction states: "The parties have agreed to certain facts [to be placed in

18    evidence as Exhibit __] [that will be read to you].  You should therefore treat these facts

19    as having been proved."  At least 7 days before trial (i.e., 10/28/14), the parties shall

20    indicate what Exhibit number they agree to, and shall also indicate at what point in the

21    trial they would like the Court to read these stipulated facts to the jury.").

22    As the parties have received the Order on the motions in limine, and the Court has

23    attached the finalized versions of the other trial documents as indicated above, it does not

24    appear that a pretrial conference is necessary.

25    However, if the parties believe that a pretrial conference is necessary, they shall

26    file a joint report by no later than 10/17/14 discussing what issues remain that must be

27    addressed at a pretrial conference.  If the Court does not receive a joint report by

28    10/17/14, the Court will presume that a pretrial conference is unnecessary and will not set

1    a pretrial conference.

2

3        Dated this 10th day of October, 2014.

4

5

6

7    _____

8        Honorable James A. Soto
         United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Civil Voir Dire Script: CV 12-844 (Duarte v. Catalina Foothills School District No. 16)

## Opening Remarks

Good morning and welcome to everyone.   I am United States District Judge James Soto, and I will be presiding over this trial starting with jury selection.

Before selection, I want to take a few moments to talk about why jury service is so important, and to acknowledge the significance of your participation in the jury process. Our American concept of justice is embodied in a trial by jury.   Voting and jury service are the two principal ways citizens directly participate in the democratic process.   The right to trial by jury is a fundamental principle of the American legal system which is guaranteed by the United States Constitution.   It preserves a right deeply rooted in history that allows people to have their cases, both civil and criminal, heard not by Government officials, but by their peers within their community.

Jurors keep law in the United States close to the people.   You have an opportunity to provide a great service, and you also have a great responsibility in this service.   Jurors must determine the facts from the testimony and other evidence presented throughout trial, and must correctly apply the law to those facts while putting aside any bias, prejudice and sympathy in so doing.

Thank you for being here, and for your willingness to participate in this process. We are now going to begin the jury selection in this case.

1

**Oath**

Will all prospective jurors seated in the courtroom please stand, raise your right hands, and be sworn.   After you are sworn, please be seated.

**(The Courtroom Deputy should be prompted to administer the oath)**

**Calling Jurors 1 through 14**[1]

As your juror number is called, please pass through the swinging wooden doors and enter the well of the Courtroom.   Your juror number is reflected on the sticker you were given by the Jury Commissioner.

Jurors 1 through 7 please enter the Court well and arrange yourselves in numerical order from 1 to 7.   Please be seated in the upper row of the jury box in numerical order starting with juror 1 in the far left seat.

Jurors 8 through 14 please enter the Court well and arrange yourselves in numerical order from 8 to 14.   Please be seated in the lower row of the jury box in numerical order starting with juror 8 in the far left seat.

**Duty of Candor**

Ladies and gentlemen, you will now be asked a number of questions about yourselves.   These questions are not designed to pry unnecessarily into your personal lives

---

[1]  As we will select an 8 person jury, at least 14 prospective jurors must be seated.   At least 14 prospective jurors are required because each party is entitled to 3 peremptory challenges for a total of 6 strikes (i.e, the one plaintiff (3); the one defendant (3)).   *See* Fed. R. Civ. P. 47(b); 28 U.S.C. §1870;   Fed. R.Civ. P. 48.   The civil rules do not provide for alternate jurors in civil trials.   Prior to the parties exercising their peremptory strikes, numerous jurors will be struck for cause.   Lastly, as to peremptory strikes, LRCiv 47.1 states: "Each side shall exercise its peremptory challenges simultaneously and in secret.   The Court shall then designate as the jury the persons whose names appear first on the list."

2

or affairs and I hope that they do not do that.  It is necessary for me to ask you some questions to find out if you have any knowledge about this case; if you have any preconceived opinions which you might find difficult to lay aside; if you have had any personal or family experiences which might cause you to identify yourself with any of the parties.  In other words, we need to ask these questions to do all we can to assure each party that the jurors who will be selected to decide the case are able to be fair and impartial.

Please do not withhold information in order to be seated on this jury.  Don't be concerned with whether your answers are "right" or "wrong"; this is not any sort of test. Just be straightforward in your answers rather than answering in the way you feel the lawyers or I expect you to answer.

If your answer to a question asked of the whole panel is "No", you need not do anything.   If your answer to a question is "yes," please raise your hand.   I will call on you and ask additional questions.   If you have a "yes" answer and, for whatever reason, you prefer not to answer the question in open court, please raise your hand anyway and when I call on you, state that you prefer to answer the question in private.   That can be done.   At the appropriate time, I will ask you to come up to the bench, and you, counsel, and I will discuss the matter.

[Addressing jurors not called into the Court well.]   If you have not been called into the Court well, you do not have to raise your hand.   However, you still must pay close attention to the questions as there is a very good chance that many of the 14 jurors that were

initially called will be excused, and you will be called to take their place.   Once you take

their place, my first question to you will be whether you would have answered yes to any of

the questions asked thus far.   Please notice that pens and note cards have been made

available in the courtroom if that will be helpful in keeping tracking of any "yes" answers

to the questions.   Please leave the pens and any unused note cards on your seats before you

are excused from Court today.

**Introduction of the Court Staff, Attorneys, Parties, and Witnesses**

Before we go any further, I would like to introduce the courtroom personnel.   The

Courtroom Deputy is Tiffany Dame.   Among other things, the Courtroom Deputy keeps

the official record of the proceedings, handles all the exhibits and swears the witnesses and

jurors.

Our Court Reporter is _____.   The Court Reporter takes down

everything said in court so that we can have a word-for-word report.

Our bailiff who will be helping with the jury selection process today is Meredith

Hochalter who is a 3rd Year Law Student at the University of Arizona College of Law.

Now let me introduce the lawyers and their clients.

1. [Ask Plaintiff's counsel to stand, and introduce: herself (**Plaintiff's Counsel is

Jenne Sandy Forbes from Waterfall Economidis Caldwell Hanshaw & Villamana

PC**); any other counsel associated with the trial; and the name of the firm she is associated

with.   Ask Plaintiff's counsel to have her client (**Plaintiff is Gary S. Duarte**) stand and

4

have counsel introduce Plaintiff as well.   In addition, ask counsel to tell the jurors the names of any witnesses Plaintiff may call during the trial.]   On a social or professional basis, do any of you know: Plaintiff, counsel for Plaintiff; any of the witnesses or individuals referenced by Plaintiff; or anyone associated with the offices of these individuals?

[If NO hand is raised] Apparently, none of you think you know any of the individuals associated with this case for Plaintiff.

[If a hand is raised] Yes, juror number ____, which individual do you think you know?  How well do you know him/her?  Would that affect your ability to be fair and impartial?

2.   [Ask Defense counsel to stand, and introduce: himself (**Defense counsel is Donald Peder Johnsen from Gallagher & Kennedy PA**); any other counsel associated with the trial; and the name of the firm he is associated with.   Ask Defense counsel to have his client stand (**Defendant is Catalina Foothills School District; there will likely be some representative from the District sitting at counsel's table**) and have counsel introduce Defendant as well.   In addition, ask counsel to tell the jurors the names of any witnesses the defense may call during the trial.]   On a social or professional basis, do any of you know: Defendant, counsel for the Defendant; any of the witnesses or individuals referenced by Defendant; or anyone associated with the offices of these individuals?

[If NO hand is raised] Apparently, none of you think you know any of the

individuals associated with this case for the Defendant.

[If a hand is raised] Yes, juror number _____, which individual do you think you know?  How well do you know him/her?  Would that affect your ability to be fair and impartial?

## Description of Case

The case tried today is a civil case.   The parties will now present a brief summary of the case. (The parties now present a 5 minute mini-opening statement; the parties were previously informed via a written Order that they would be directed to give a 5 minute mini-opening statement during voir dire.)

## Knowledge of the Case and/or Similar Cases

Have any of you ever seen, heard, or read anything about this case, or have any of you ever heard anyone express an opinion about it?

[If yes, ask the juror and counsel to approach the bench.  Ask the juror: What have you heard or read?  From what source did you learn about this matter?  Do you think that might have some bearing on your judgment if you were chosen as a juror in this case?  Could you be fair and impartial?  If applicable, ask counsel whether the juror should be excused for cause, excuse the juror and have him/her report back to the Jury Commissioner, and have the Courtroom Deputy call a replacement juror.]

Have you, any close family members, or close friends, ever been involved in a case like this?

Is there anything about the nature of this case that would make it difficult for you to serve as a fair and impartial juror?

**Schedules**

I know that jury service is an inconvenience to all of you to one extent or another. But, I hope you know how important it is to this community that people such as yourselves be willing to serve on juries. Jury duty is one of the most important civic duties that citizens of this country are called upon to perform. I know that you will not take this duty lightly.

Let me tell you about the schedule for the trial. This case is expected to take a total of 4 days (which includes today). Trial will start today immediately after jury selection and will end by 5:00 p.m. Trial will start each subsequent day at 9:30 a.m. and end by 5:00 p.m. Once trial has started, we will have a lunch break, a short break in the mid-morning and mid-afternoon, and stretch breaks.

Is there anything about the anticipated length or daily schedule of the trial that presents an underline insurmountable problem, whether it be personal, business, or health, that is significant enough that you feel the need to ask to be excused from service on this jury?

**Duty to Follow the Law**

After the jury has been empaneled, you will receive some preliminary instructions on the law. At the conclusion of the trial, I will fully instruct you on the applicable law. As a juror, you are obligated to follow the law given to the jury by the Court. Is there

anyone who would be unwilling or unable to follow the law as given in the instructions, disregarding your own notions or ideas as to what the law is or ought to be?

## Evaluation of witnesses

One important task of the jury is to listen to the testimony of the various witnesses and decide how much or how little weight the testimony should be given.  You will be instructed that in evaluating credibility you may consider factors such as the witnesses' ability to see or hear the things testified to, the witnesses' bias or prejudice, and the witnesses' demeanor while testifying.

Is there anyone who could not judge the testimony of all the witnesses by the same standards?

## Familiarity with Other Panel Members

Do any of you know any other members of this jury panel?  If yes, how do you know each other?

Would it pose a problem for you should both you and juror number _____ serve as jurors in this case?

Would you be able to exercise independent judgment in deciding this matter?

[If both jurors are employed by the same business, ask: Is there a supervisory relationship between the two of you?  If so, would this pose any problems exercising independent judgment in this case?]

8

**Stipulated Proposed Voir Dire Questions From the Parties; A Written Order Was Issued Informing the Parties that the Court Would Ask the Jury These Questions**

A.      Juror's Experiences As Employer or Employee.

1.      Do you own or have you ever owned your own business?   If so, please describe.

2.      Are you or have you ever been involved in making hiring, firing, or discipline decisions?   If so, please describe.

a.      Has anyone ever accused you of acting unfairly or wrongfully in any of your hiring, firing, or discipline decisions?

3.      Have you ever felt that you have been treated worse than other employees simply because you or they belong to a specific group such as a particular race, religion, national origin, age, or sex?   If so, please describe.

4.      Have you ever felt that you were wrongfully terminated from a job?   Has any family member ever had such an experience?   If so, please describe.

5.      Have you or any family member or close friend ever filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission or Arizona Attorney General's Office against an employer or former employer?   If so, please describe.

6.      Do you have any special training, knowledge, or experience in personnel policies or human resources management in general?   If so, please describe.

a.      Any special training, knowledge, or experience in issues relating to workplace discrimination in particular?

7.      Have you ever been accused of unlawfully discriminating against another person in the workplace?

8.      Have you ever considered bringing a lawsuit against an employer for wrongful treatment by the employer?   If so, please describe.

9.      Do you tend to agree with the following statement?   "When an employer terminates someone, it usually is without just cause."

10.     Do you tend to agree with the following statement?   "An employer usually would

9

not terminate an employee without good cause."

B.     Juror's Experiences With And Attitude Toward Litigation.

11.     Do you have any training or experience in law, business, or economics?   If so, please describe that training or experience.

12.     Have you ever worked in a law firm?

13.     Have you ever read or heard stories saying that we have "too many lawsuits"?   Do you tend to disagree or agree with those types of stories?

14.     Do you feel that just because the plaintiff has sued the defendant, the defendant must have done something wrong?   If so, why do you feel that way?

C.     General.

15.     Do you believe that you can remain fair when one party is an individual and the other is a governmental entity?   If not, why not?

16.     Do you strongly desire to sit on this case for some reason?   If so, please explain why.

17.     Do you prefer not to sit on this case for personal reasons of any type or for any reasons which you have not been asked about up to this point?   If so, please explain why you would prefer not to sit on this case.

18.     If you were in Mr. Duarte's place, would you be comfortable with someone in your frame of mind sitting on the jury?   Why or why not?

19.     If you were in the District's place, would you be comfortable with someone in your frame of mind sitting on the jury?   Why or why not?

**Questionnaire**

Each of you has been given a list of questions that I would like each of you to answer at this time.   Juror Number _____ [start with whoever is in seat number 1], would you please stand and answer those questions.   After you are done, please pass the

10

microphone to the juror to your left who can then proceed to answer the same questions.

[The Courtroom Deputy will have already given the prospective jurors the standard questionnaire which asks the following questions:   1. What is your juror number?; 2. Where is your place of birth?; 3. How long have you lived in Arizona?; 4. In what city do you presently live? What area?; 5. What is your educational background?; 6.  Are you presently employed? If so, where?; 7. Briefly, what former jobs have you held?; 8. What is your marital status?; 9. If married, what is your spouse's present and former employment?; 10. How many children do you have?; 11. What clubs or organizations do you belong to?; 12. Have you ever sat as a juror?   If so, please state the nature of the case and the verdict?]

## General Inquiry

Ladies and gentlemen, I have asked all the questions I had planned to ask. Sometimes I find that we get to the end of the questioning and jurors have thought about additional answers they might have to questions that were asked earlier.   Then they wonder if they should give the answers or not.   Please do give the answers.

If you have anything in mind now that you are wondering if you should tell me about, or you wish you had said something about earlier, please tell me now.

Let me ask a last, very broad question: Is there anything you think the attorneys or I should know before selecting the jurors who will serve in this case?

## Additional Questions from Counsel

Will counsel please approach the bench.   [At the bench conference, determine what

11

additional questions (if any) are to be asked.   Ask any additional questions agreed upon by the Court and counsel, or permit counsel to conduct further voir dire.   After additional questions (if any) have been asked, inquire again at a bench conference whether the panel can be passed for cause by counsel.   If counsel agree that the panel can be passed for cause, direct counsel to return to their seats, and ask them to state their positions before the panel.]

**Counsel's Approval of Panel**

Do both sides pass the panel for cause?

**Exercise of Peremptory Strikes**

Ladies and gentlemen, we will now take a short recess to complete the process of jury selection.   Each of you has been found to be fair and impartial, so don't take it personally if you are not chosen to serve as a juror in this case.   Only **8** of you can be on this jury.

During the recess, I'll ask that you wait outside the courtroom.   When you are called back into court, please sit anywhere in the back of the courtroom; do not sit in the Court well.   During the recess, do not discuss the case or anything connected with it among yourselves or with anyone else.   We estimate that the recess will be about ___ minutes, so be ready to come back into court in ___ minutes.   Thank you.

[After the jury is excused, ask counsel if they have any matters to discuss.   If there are no additional issues, direct them to make their peremptory challenges "simultaneously

12

and in secret" in accordance with LRCiv 47.1[2] after you leave the courtroom, and to inform the Courtroom Deputy when they are done with their peremptory challenges such that the Courtroom Deputy will have the final 8 jurors.   After the Courtroom Deputy has the final 8 jurors, and the entire jury panel is summoned back into the courtroom, the Courtroom Deputy will call you to come back into court to complete jury selection.]

## Impanelment of the Jury

The record will show the presence of the parties, counsel, and the prospective jurors.  Ladies and gentlemen, the Courtroom Deputy will now read the numbers of the jurors selected to try this case.  As your number is read, please come forward and be seated in the jury box as directed by the Courtroom Deputy. **[The Courtroom Deputy should be directed to seat all 8 jurors in the front row of the jury box]**

## Panel Members that are Not Selected

Those of you who were not selected as jurors please report back to the Jury Commissioner on the First Floor.   Thank you for your willingness to serve on this jury and for your participation here today.

## Administering of Oath to the Jury

Would those of you who have been chosen as jurors please stand and be sworn.

**(<u>The Courtroom Deputy should be prompted to administer the oath</u>)**

---

[2] LRCiv 47.1 states: "Each side shall exercise its peremptory challenges simultaneously and in secret.   The Court shall then designate as the jury the persons whose names appear first on the list."

**After the Oath, Read the Preliminary Instructions, and then Direct the Parties to give their Opening Statements**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary S. Duarte, | ) No. 4:12-cv-00844-JAS |
| | ) |
| Plaintiff, | ) **PRELIMINARY JURY** |
| | ) **INSTRUCTIONS** |
| v. | ) |
| | ) |
| Catalina Foothills School District, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Ladies and gentlemen: You are now the jury in this case.  It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set throughout the trial to which to refer.  This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

-1-

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff, Mr. Duarte, was employed by the defendant, Catalina Foothills Unified School District No. 16.  The District informed Mr. Duarte in early 2011 that his employment contract would not be renewed for the 2011-12 school year.  His employment with the District ended when his contract expired in June 2011.

Mr. Duarte claims that the District unlawfully discriminated against him on the basis of age, in violation of the federal Age Discrimination in Employment Act.  Mr. Duarte has the burden of proving that claim.

The District denies the claim.  The District denies that it discriminated against Mr. Duarte on any unlawful basis, and states that it decided not to renew his contract on the basis of legitimate nondiscriminatory reasons.

1

2        When a party has the burden of proof on any claim or affirmative defense

3 by a preponderance of the evidence, it means you must be persuaded by the evidence that

the claim or affirmative defense is more probably true than not true.

4

5        You should base your decision on all of the evidence, regardless of which

party presented it.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

1

2           Evidence may be direct or circumstantial.  Direct evidence is direct proof of

3   a fact, such as testimony by a witness about what that witness personally saw or heard or

    did.  Circumstantial evidence is proof of one or more facts from which you could find

4   another fact.  You should consider both kinds of evidence.  The law makes no distinction

5   between the weight to be given to either direct or circumstantial evidence.  It is for you to

    decide how much weight to give to any evidence.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2          There are rules of evidence that control what can be received into evidence.
3  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the
   other side thinks that it is not permitted by the rules of evidence, that lawyer may object.
4  If I overrule the objection, the question may be answered or the exhibit received.  If I
5  sustain the objection, the question cannot be answered, and the exhibit cannot be
   received.  Whenever I sustain an objection to a question, you must ignore the question
6  and must not guess what the answer might have been.

7          Sometimes I may order that evidence be stricken from the record and that
8  you disregard or ignore the evidence.  That means that when you are deciding the case,
   you must not consider the evidence that I told you to disregard.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2          In deciding the facts in this case, you may have to decide which testimony

3  to believe and which testimony not to believe.  You may believe everything a witness

   says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the

4  number of witnesses who testify about it.

5          In considering the testimony of any witness, you may take into account:

6
           (1)    the opportunity and ability of the witness to see or hear or know the

7  things testified to;

8          (2)    the witness's memory;

9
           (3)    the witness's manner while testifying;

10
           (4)    the witness's interest in the outcome of the case and any bias or

11 prejudice;

12
           (5)    whether other evidence contradicted the witness's testimony;

13
           (6)    the reasonableness of the witness's testimony in light of all the

14 evidence; and

15
           (7)    any other factors that bear on believability.

16
           The weight of the evidence as to a fact does not necessarily depend on the

17 number of witnesses who testify about it.

18

19

20

21

22

23

24

25

26

27

28

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

1

2          During deliberations, you will have to make your decision based on what

3   you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay

4   close attention to the testimony as it is given.

5          If at any time you cannot hear or see the testimony, evidence, questions or

    arguments, let me know so that I can correct the problem.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

   If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

   Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

1

2          You will be allowed to propose written questions to witnesses after the
3   lawyers have completed their questioning of each witness.  You may propose questions in
    order to clarify the testimony, but you are not to express any opinion about the testimony
4   or argue with a witness.  If you  propose any questions, remember that your role is that of
5   a neutral fact finder, not an advocate.

6          Before I excuse each witness, I will offer you the opportunity to write out a
    question on a form provided by the court.  Do not sign the question.  I will review the
7   question with the attorneys to determine if it is legally proper.

8          There are some proposed questions that I will not permit, or will not ask in
9   the wording submitted by the juror.  This might happen either due to the rules of evidence
    or other legal reasons, or because the question is expected to be answered later in the
10  case.  If I do not ask a proposed question, or if I rephrase it, do not speculate as to the
11  reasons.  Do not give undue weight to questions you or other jurors propose.  You should
12  evaluate the answers to those questions in the same manner you evaluate all of the other
    evidence.
13
14         By giving you the opportunity to propose questions, I am not requesting or
15  suggesting that you do so.  It will often be the case that a lawyer has not asked a question
    because it is legally objectionable or because a later witness may be addressing that
16  subject.

17

18

19

20

21

22

23

24

25

26

27

28

-12-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

1

2          Trials proceed in the following way:  First, each side may make an opening

3   statement.  An opening statement is not evidence.  It is simply an outline to help you

    understand what that party expects the evidence will show.  A party is not required to

4   make an opening statement.

5          The plaintiff will then present evidence, and counsel for the defendant may

6   cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff

    may cross-examine.

7

8          After the evidence has been presented, I will instruct you on the law that

    applies to the case and the attorneys will make closing arguments.

9

10          After that, you will go to the jury room to deliberate on your verdict.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-14-

Evidence may be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

1

2          The parties have agreed to certain facts [to be placed in evidence as Exhibit

3  ___] [that will be read to you].  You should therefore treat these facts as having been

   proved. ------------*See 10/2/14 Order at Doc.71, p. 2, lines 4 to 9: "As to preliminary*

4  *jury instruction number 16 (Doc. 57-1 at p. 16), the instruction states: "The parties*

5  *have agreed to certain facts [to be placed in evidence as Exhibit ___][that will be read to*

   *you]. You should therefore treat these facts as having been proved."At least 7 days*

6  *before trial (i.e., 10/28/14), the parties shall indicate what Exhibit number they agree*

7  *to, and shall also indicate at what point in the trial they would like the Court to read*

   *these stipulated facts to the jury."*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Gary S. Duarte, | ) | No. 4:12-cv-00844-JAS |
| | ) | |
| Plaintiff, | ) | **FINAL JURY INSTRUCTIONS** |
| | ) | |
| v. | ) | |
| | ) | |
| Catalina Foothills School District, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

1

2          When you begin your deliberations, you should elect one member of the
3   jury as your presiding juror.  That person will preside over the deliberations and speak for
    you here in court.
4
5          You will then discuss the case with your fellow jurors to reach agreement if
    you can do so.  Your verdict must be unanimous.
6
7          Each of you must decide the case for yourself, but you should do so only
8   after you have considered all of the evidence, discussed it fully with the other jurors, and
    listened to the views of your fellow jurors.
9
10          Do not hesitate to change your opinion if the discussion persuades you that
    you should.  Do not come to a decision simply because other jurors think it is right.
11
12          It is important that you attempt to reach a unanimous verdict but, of course,
    only if each of you can do so after having made your own conscientious decision.  Do not
13   change an honest belief about the weight and effect of the evidence simply to reach a
    verdict.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2          Because you must base your verdict only on the evidence received in the
3   case and on these instructions, I remind you that you must not be exposed to any other
    information about the case or to the issues it involves.  Except for discussing the case
4   with your fellow jurors during your deliberations:

5          Do not communicate with anyone in any way and do not let anyone else
6          communicate with you in any way about the merits of the case or anything to do
           with it.  This includes discussing the case in person, in writing, by phone or
7          electronic means, via email, text messaging, or any Internet chat room, blog,
8          website or other feature.  This applies to communicating with your family
           members, your employer, the media or press, and the people involved in the trial.
9          If you are asked or approached in any way about your jury service or anything
10         about this case, you must respond that you have been ordered not to discuss the
           matter and to report the contact to the court.
11

12         Do not read, watch, or listen to any news or media accounts or commentary about
13         the case or anything to do with it; do not do any research, such as consulting
           dictionaries, searching the Internet or using other reference materials; and do not
14         make any investigation or in any other way try to learn about the case on your
           own.
15

16         The law requires these restrictions to ensure the parties have a fair trial
17   based on the same evidence that each party has had an opportunity to address.  A juror
     who violates these restrictions jeopardizes the fairness of these proceedings, and a
18   mistrial could result that would require the entire trial process to start over.  If any juror is
     exposed to any outside information, please notify the court immediately.
19

20

21

22

23

24

25

26

27

28

1

2           If it becomes necessary during your deliberations to communicate with me,

3   you may send a note through the bailiff, signed by your presiding juror or by one or more

    members of the jury.  No member of the jury should ever attempt to communicate with

4   me except by a signed writing; I will communicate with any member of the jury on

5   anything concerning the case only in writing, or here in open court.  If you send out a

    question, I will consult with the parties before answering it, which may take some time.

6   You may continue your deliberations while waiting for the answer to any question.

7   Remember that you are not to tell anyone—including me—how the jury stands,

    numerically or otherwise, until after you have reached a unanimous verdict or have been

8   discharged.  Do not disclose any vote count in any note to the court.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2          Mr. Duarte has brought a claim of employment discrimination against the

3    District.  He claims the District did not renew his contract because of his age.  The

     District denies that Mr. Duarte's contract was not renewed because of his age and further

4    claims the decision not to renew his contract was based upon a lawful reason.

5          In order to prevail on this claim, Mr. Duarte has the burden of proving each

6    of the following elements by a preponderance of the evidence:

7          1.    the District did not renew his contract;

8          2.    he was 40 years of age or older at the time his contract was not

9    renewed; and

10         3.    the District did not renew his contract because of his age; that is, the

11   District would have renewed his contract but for his age.

12         If you find that Mr. Duarte has proved all three of these elements, your

13   verdict should be for Mr. Duarte.  If, on the other hand, Mr. Duarte has failed to prove

     any of these elements, your verdict should be for the District.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

  An employer has the right to make subjective personnel decisions for any reason that is not discriminatory.  You may not return a verdict for Plaintiff just because you might disagree with the Defendant's decision or believe it to be harsh or unreasonable. Your role as the jury is to determine whether Plaintiff has proven the specific elements of his legal claim as I have described those elements to you in these instructions.

1

2       It is the duty of the Court to instruct you about the measure of damages.  By

3   instructing you on damages, the Court does not mean to suggest for which party your

    verdict should be rendered.

4

5       If you find for Mr. Duarte, you must determine his damages.  Damages

    means the amount of money that will reasonably and fairly compensate Mr. Duarte for

6   any loss of wages and benefits you find was caused by the discriminatory act of the

    District.  You may award the following:

7

8       1.      Back pay:  Back pay includes any back wages and employee benefits

    Mr. Duarte would have received from the date his contract with the District ended

9   (June 30, 2011) to the date of trial.  Mr. Duarte has the burden of proving both the

10  existence and the amount of back pay by a preponderance of the evidence.

11      2.      Mitigation of Back Pay Award:  Mr. Duarte has a duty to undertake

12  reasonable measures to minimize his damages and the District is not required to

    compensate him for avoidable damages.  Thus, your award of back pay should be

13  reduced by the amount of damages that Mr. Duarte actually avoided, or could have

    avoided, if he had made reasonable efforts.  The District has the burden of proving by a

14  preponderance of the evidence that a reduction should be made and the amount by which

15  the award should be reduced.  Therefore, in considering any back pay award:

16          a.      You must deduct any wages or other earnings that the District

17      proved that Mr. Duarte received from other employment (other than the event staff

        employment he had while he was with the District) from the date his contract

18      ended to the date of trial.

19          b.      You must deduct any District pension benefits that the

20      District proved Mr. Duarte received after the contract ended.

21      It is for you to determine what damages, if any, have been proved.

22      Your award must be based upon evidence and not upon speculation,

23  guesswork or conjecture.

24

25

26

27

28

1

2

   If you find that Mr. Duarte is entitled to recover back pay, you must also determine if the District's conduct was willful.  Mr. Duarte has the burden of proving willfulness by a preponderance of the evidence.

3

4

   A defendant's conduct is willful if the defendant knew or showed reckless disregard for whether its conduct was prohibited by law.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2          A verdict form has been prepared for you.  After you have reached

3   unanimous agreement on a verdict, your presiding juror will fill in the form that has been

    given to you, sign and date it, and advise the court that you are ready to return to the

4   courtroom.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6           IN THE UNITED STATES DISTRICT COURT

7            FOR THE DISTRICT OF ARIZONA

8

9 Gary S. Duarte,              )  No. 4:12-cv-00844-JAS

                            )

10          Plaintiff,        )  **VERDICT FORM**

                            )

11 v.                          )

                            )

12 Catalina Foothills School District,  )

                            )

13

14         Defendant.       )

                            )

15 _____)

16

17

18

19

20

21

22

23

24

25

26

27

28

Do you, the jury, find the following by a preponderance of the evidence:

1.  Did Mr. Duarte prove that the District did not renew his contract because of his age?

Answer (yes or no): _____

NOTE:  If you answered "yes" to Question No. 1, then go on to Question No. 2.  If you answered "no" to Question No. 1, then go directly to the signature section at the end of this form, and do not answer any more questions on this form.

2.  If you answered "yes" to Question No. 1, what is the reasonable value of the wages and benefits that Mr. Duarte would have received from the District if his employment with the District had not terminated, reduced by the wages and benefits that he has earned since the termination of his employment with the District (except wages from outside employment he had while he was working for the District)?

Answer: _____

3.  If you answered "yes" to Question No. 1, did the District know or show reckless disregard for whether its conduct was prohibited by law?

Answer (yes or no): _____

We, the Jury, duly empaneled and sworn in the above entitled action, upon our oaths, do find as set forth above.

(1)_____   (5)_____

(2)_____   (6)_____

(3)_____   (7)_____

(4)_____   (8)_____

FOREPERSON